1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MIGUEL A. CANO,                          )
                                         )
            Petitioner,                  )          No. C 06-2213 TEH (PR)
                                         )
    vs.                                  )          ORDER TO SHOW CAUSE
                                         )
GARY LINDSEY, Warden,                    )          (Docket No. 3)
                                         )
            Respondent.                  )
_____        )

        Petitioner, a state prisoner incarcerated at Salinas Valley State Prison has

filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254

challenging the constitutionality of his state criminal conviction.  He has also

filed a motion seeking to proceed in forma pauperis under 28 U.S.C. § 1915

(docket no. 3).  That motion is now GRANTED (docket no. 3).

                                **BACKGROUND**

        According to the petition, on March 27, 2003, Petitioner was sentenced to

13 years in state prison after a bench trial.  Petitioner appealed his conviction to

the California Court of Appeal which denied the appeal in 2004.  The Supreme

Court of California denied review of that decision.  Petitioner subsequently filed

for post-conviction relief in the state courts and his final petition to the California

Supreme Court was denied in 2006.  Petitioner filed the instant federal habeas

petition on March 28, 2006.

**DISCUSSION**

A.      Standard of Review

        This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

        It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

B.      Claims

        The petition raises the following grounds for relief: 1) the trial judge violated Petitioner's right to a jury and due process by failing to sentence Petitioner as agreed after his jury waiver; and 2) ineffective assistance of trial counsel.  Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief.  Accordingly, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

        For the foregoing reasons and for good cause shown,

        1.      The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on Petitioner.

        2.      Respondent shall file with the Court and serve on Petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and

1    serve on Petitioner a copy of all portions of the state trial record that have been

2    transcribed previously and that are relevant to a determination of the issues

3    presented by the petition.

4        If Petitioner wishes to respond to the answer, he shall do so by filing a

5    traverse with the court and serving it on Respondent within 30 days of his receipt

6    of the answer.

7        3.    Respondent may file a motion to dismiss on procedural grounds in

8    lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the

9    Rules Governing Section 2254 Cases.  If Respondent files such a motion,

10   Petitioner shall file with the court and serve on Respondent an opposition or

11   statement of non-opposition within 30 days of receipt of the motion, and

12   Respondent shall file with the court and serve on Petitioner a reply within 15

13   days of receipt of any opposition.

14       4.    It is Petitioner's responsibility to prosecute this case.  Petitioner

15   must keep the Court informed of any change of address by filing a separate paper

16   with the Case Number for his case captioned "Notice of Change of Address."  He

17   must comply with the Court's orders in a timely fashion.  Failure to do so may

18   result in the dismissal of this action for failure to prosecute pursuant to Federal

19   Rule of Civil Procedure 41(b).

20

21   SO ORDERED.

22

23   DATED:   10/04/06

         THELTON E. HENDERSON
24       United States District Judge

25

26

27

28                                 3